FILED'09 JUL 15 13:54USDC-ORP

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | | |
|---|---|---|
| PORTLAND GENERAL ELECTRIC<br>COMPANY, an Oregon corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 05-1321-PK |
| vs. | ) ) | ORDER |
| CITY OF GLENDALE, a California<br>municipal corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

David B. Markowitz
Lisa A. Kaner
Lynn Reiko Nakamoto
Markowitz Herbold Glade & Mehlhaf, PC
1211 SW Fifth Avenue, Suite 3000
Portland, Oregon  97204

    Attorneys for Plaintiff

Page 1 - ORDER

Arden E. Shenker
Robert E.L. Bonaparte
Shenker & Bonaparte, LLP
1500 SW First Avenue, Suite 630
Portland, Oregon  97201

Dennis Lane
Glen L. Ortman
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, DC  20036

Steven G. Lins
City of Glendale
613 E. Broadway, Suite 220
Glendale, California  91206

Attorneys for Defendant

KING, Judge:

The Honorable Paul Papak, United States Magistrate Judge, filed Findings and

Recommendation on May 22, 2009 ("F&R").  Both sides filed timely objections to the F&R.

## LEGAL STANDARDS

When either party objects to any portion of a magistrate's Findings and Recommendation

concerning a dispositive motion or prisoner petition, the district court must make a de novo

determination of that portion of the magistrate's report.  28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309,

1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).  When the objection concerns a

nondispositive matter, the district court will modify or set aside any part of the order that is

clearly erroneous or is contrary to law.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); McDonnell

Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981),

Page 2 - ORDER

cert. denied, 455 U.S. 920 (1982). This court, therefore, has given de novo review to the

summary judgment rulings of Magistrate Judge Papak and applied a clearly erroneous or contrary

to law standard to his ruling on the motion to strike.

## DISCUSSION

This court adopts the Findings and Recommendation of Magistrate Judge Papak dated

May 22, 2009 in its entirety, with the following exceptions.

I.      Unpleaded Counterclaim concerning Section 11.5

Glendale's obligation to pay the Section 10 annual capacity fees can be suspended under

Section 11.5. The F&R states:

> The interpretation of Section 11.5 has not been briefed to the court. On
> the current evidentiary record, it would be premature to issue a finding as to
> whether the suspension provision contains an ambiguity, or as to how any such
> ambiguity should be resolved. I therefore recommend that the court deny PGE's
> motion to the extent it seeks this court's ruling that Glendale is not, as a matter of
> law, entitled to any reduction in its Section 10 obligations and to the extent it
> seeks dismissal of Glendale's construed claim for breach of Section 10 premised
> on alleged misapplication of the Section 3 pricing provisions.

F&R at 30.

PGE objects that the court should not allow Glendale to assert a new counterclaim at this

stage in the case.

This is not a new counterclaim. Glendale alleged this counterclaim in Paragraph E,

page 7, of its Answer filed June 14, 2007. PGE's objection is based on the F&R's statement that

Glendale's pleading had not articulated this claim. F&R at 29. The counterclaim is properly

pleaded but the briefing did not articulate the claim, something Glendale rectified at oral

argument. Thus, I deny PGE's objection.

Page 3 - ORDER

II.    Counterclaim for Reduction and Refund of Sections 10.1 and 10.2 Fees

PGE notes that the F&R suggests granting its motion "to the extent [PGE] seeks this court's declaration that Glendale is not entitled to refund of amounts paid towards its Section 10 fixed annual capacity fees, where Glendale's claim to such refund is premised on PGE's alleged failure to comply with the Section 17.3 renegotiation provision." F&R at 29. PGE also sought summary judgment against the counterclaim based on this theory (as noted in the F&R at page 28) but the F&R does not rule on the counterclaim.

Although the ruling PGE seeks was left out of the main text of the F&R, it did appear in the final Conclusion paragraph: "PGE's summary judgment motion [should] be granted as to Glendale's counterclaim for breach of contract . . . to the extent it alleges overpayment of the fixed annual fees provided in Section 10, based on PGE's alleged failure to renegotiate the pricing provisions of Section 3." F&R at 35-36. I clarify that summary judgment on this issue is granted in PGE's favor in both PGE's claim for declaratory relief and Glendale's counterclaim.

III.    Motion to Strike

PGE moved to strike all of the Peters Declaration and parts of the Stassi Declaration. Judge Papak denied the motion under a Federal Rule of Civil Procedure Rule 12(f) analysis and commented that the court disregarded inadmissible material offered by either party. F&R at 34-35.

PGE objects that it moved to strike under Rule 56(e), as well as the Federal Rules of Evidence, and seeks two specific rulings.

Page 4 - ORDER

I agree with PGE that Rule 12(f) does not apply here because the rule pertains to pleadings, not summary judgment evidence. Thus, I do not adopt the F&R's analysis but decline to make any additional rulings under Rule 56(e).

## CONCLUSION

PGE's Motion for Summary Judgment (#55) is granted as to its claim for declaratory relief: (1) to the extent it seeks this court's declaration that "the decommissioning of Trojan does not require PGE to renegotiate any rates or payments imposed on it under Section 17.3 of the [Agreement]"; (2) to the extent it seeks this court's declaration that Glendale is not entitled to refund of amounts paid toward variable energy costs in connection with alleged overcharges premised on failure to renegotiate the pricing provisions of Section 3; and (3) to the extent it seeks this court's declaration that "Glendale is required to make payments to PGE without reduction pursuant to Sections 10.1, 10.1.1, and 10.2 of the [Agreement]" where such reduction is premised on failure to renegotiate the pricing provisions of Section 3. PGE's Motion for Summary Judgment is otherwise denied as to its claim for declaratory relief.

PGE's summary judgment motion is granted as to Glendale's counterclaim for breach of contract: (1) to the extent it alleges breach of Section 17.3 of the Agreement; (2) to the extent it seeks refund and/or reduction of amounts paid toward variable energy costs based on PGE's alleged failure to renegotiate the pricing provisions of Section 3; and (3) to the extent it alleges overpayment of the fixed annual fees provided in Section 10, based on PGE's alleged failure to renegotiate the pricing provisions of Section 3. PGE's summary judgment motion is otherwise denied as to Glendale's counterclaim for breach of contract.

Page 5 - ORDER

PGE's summary judgment motion is granted as to Glendale's affirmative defenses of frustration of purpose, impracticability, impossibility, prevention of performance, waiver, estoppel, and illegality.

Glendale's Motion for Partial Summary Judgment (#70) is denied.

PGE's Motion to Strike (#82) is denied.

IT IS SO ORDERED.

Dated this _____15th_____ day of July, 2009.

_____
Garr M. King
United States District Judge

Page 6 - ORDER